UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SOUTH ATLANTIC, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-CV-143 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| SPIG INDUSTRY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

Before the Court is Plaintiff South Atlantic, LLC's ("Plaintiff") motion to remand the instant action back to the Chancery Court of Hamilton County, Tennessee on the basis of lack of subject matter jurisdiction. Because the Court finds it lacks jurisdiction in this case, the Court will **GRANT** Plaintiff's motion to remand (Court File No. 5).

A defendant may remove any civil action filed in state court to federal court if the district court would have had subject matter jurisdiction had the case been originally filed in federal court. 28 U.S.C. § 1441. The removing party bears the burden of establishing removal was proper. *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). However, in any case removed from state court, the federal district court shall remand the case if it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Here, Plaintiff brought suit against Defendant Spig Industry, Inc. ("Defendant") in the Chancery Court of Hamilton County, Tennessee alleging a breach of contract in the amount of $28,856.32 (Court File No. 1-1). Defendant filed a counterclaim against Plaintiff also alleging breach of contract and asserting damages in the amount of $150,000.00 (Court File No. 2).

Plaintiff now argues this matter should be remanded because the "amount in controversy" requirement of 28 U.S.C. § 1332 has not been met (Court File No. 6). In order to determine whether

this case was properly removed, this Court looks at the complaint at the time of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Although the Court acknowledges "there is a split of authority as to whether a defendant . . . may aggregate the value of his claim with the value of the plaintiff's claims to satisfy the amount in controversy for removal purposes," this Court does not have to make that determination in this case. *See Sanford v. Gardenour*, 225 F.3d 659 (table), No. 99-5504, 2000 WL 1033025, at *3 (6th Cir. July 17, 2000). Here, Defendant filed his counterclaim after the case was removed. Accordingly, the Court will **GRANT** Plaintiff's motion for remand (Court File No. 5).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

2

Case 1:11-cv-00143-CLC-WBC   Document 22   Filed 08/23/11   Page 2 of 2   PageID #: 116